632

MADERA WINERIES & DISTILLERIES, K. ARAKELIAN, INC., Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed June 24, 1941.*

ALLEN H. SCHULTZ, for claimant.

JOHN E. CASSIDY, Attorney General; MURRAY F. MILNE, Assistant Attorney General, for respondent.

MR. JUSTICE LINSCOTT delivered the opinion of the court:

The claimant, a corporation, licensed to do business in the State of Illinois, avers that it is engaged in the bottling of bulk wines for resale and that it purchases wines in bulk from licensees in Illinois, and from licensees of other states, and then bottles the same for resale to licensed retailers or licensed distributors in Illinois.

It is charged that the annual fee for an importing distributor is $250.00, and for a Class B manufacturer's license, that is one who manufactures wine, is $500.00, and that the fiscal license period commenced May 1, 1935; that prior to May 1, 1935, the claimant called the attention of the Illinois Liquor Control Commission to a conflict in the law and regulation pertaining to license fee; that at that time the Chicago office of the Commission informed claimant that it was aware of a conflict in the law, and that there would be a meeting of the Commission to rule on the question.

It is charged that claimant was reluctant to pay $500.00 for a Class B manufacturer's license when it believed it should only be liable for an importing distributor's license for which the annual fee was $250.00, but finding it necessary to be licensed on May 1, 1935, claimant paid the $500.00 under protest.

It is further charged that the Chicago office of the Commission informed the claimant that it would not be necessary for it to file suit for a temporary injunction under the statute,

and relying upon this action of the Commission, the claimant did not pursue the statutory remedy but followed the advice of the Chicago office of the Commission that it would rescind the regulation and refund to the claimant the sum of $250.00.

It is further charged that on May 31, 1935, the Commission met and rescinded the regulation as it promised to do and recommended a refund of $250.00 to the Department of Finance, which department controls all taxes collected by the Commission, but that the Department of Finance refused to grant the refund for the reason that the refund did not fall within one of the provisions for which a refund may be granted under the law, namely, death or insolvency of the licensee before the license period expired.

Claimant charges that in view of the facts, and because it relied upon the commission and did not file a suit for injunction because the Chicago office of the Commission promised that a refund would be granted, that this court recognize its claim and direct that an award be made to it in the sum of $250.00.

The Attorney General has made a motion to dismiss this case, and as grounds for the motion says that the claimant does not set forth a claim which the State of Illinois, as a sovereign commonwealth should discharge and pay for the reason that claimant seeks an award representing a refund of a portion of the fee paid by it for a license under the Illinois Liquor Control Act, and the complaint shows upon its face that the claimant did not avail itself of the statutory provisions.

The statute fully sets forth and describes the nature of claimant's business and the fees to be charged therefor. The printed rules and regulations of the Illinois Liquor Control Commission and the Department of Finance read as follows:

"Any person who acquires any alcoholic liquors in bulk and bottles or changes the container of such alcoholic liquors either in its original condition, or after having rectified, blended or fortified the same, is deemed to be a manufacturer and is required to obtain a manufacturer's license."

The annual fee for an importing distributor is $250.00 and the annual fee for a manufacturer is $500.00, or was during the year complained of.

It is a rule well known under the law that dealing with any agent or business official one is bound to know just what

powers such a public official has, and it appears from the complaint in this case that claimant did know of such powers that the Commission had and was fully advised in the statue. The statute provided a remedy in the courts for claimant but for some untenable reason, claimant did not see fit to take advantage of this remedy. As we view the matter, we have no jurisdiction, and for the lack of jurisdiction, we must decline to make an award.

Award declined.

Judge A. L. Yantis dissenting.